IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SCOTT SHONTING,**

      Plaintiff,

vs.                                            Civ. No. 00-317 JC/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

      Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

    l.  Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits.  Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing.  The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

1

applied correct legal standards in making his findings.  <u>Williams v. Bowen</u>, 844 F.2d 748 (10th Cir. 1988).

**<u>Administrative History</u>**

2.   Plaintiff filed concurrent applications for Social Security disability insurance benefits and Supplemental Security Income in March 1992 due to back problems.  Previous to this appeal, the District Court and the Appeals Council remanded this matter.  In the most recent decision the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.  Tr. 8-20.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Tr. 3.

3.   Plaintiff has been able to return to substantial gainful activity and is now seeking back benefits for a closed period from his alleged onset date, April 6, 1991 through May of 1997.  Tr. 349. 383.

**<u>Statement of the Facts</u>**

4.   Plaintiff was born on April 8, 1963.  He alleges that he has been unable to work since April 6, 1992 due to a back problems. He graduated from high school. He has past work experience as an awning installer and repairer.  Tr. 232.

**<u>Issues</u>**

5.   Plaintiff alleges that the ALJ erred in not using the correct sequential evaluation process and that the ALJ's residual functional capacity (RFC) finding is not supported by substantial

evidence.

**The Standard of Review**

6.   The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied.  Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

7.   The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy.  Hall v.

Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

8.  To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §404.1520. At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past. At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience. If a determination of disabled is found at any step, further inquiry is not required. 20 C.F.R. §404.1520.

9.  Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the

national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

  10. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments

5

does not automatically preclude reliance on the grids. <u>Ray v. Bowen</u>, 865 F.2d 222, 225 (10th Cir. 1989); <u>Gossett v. Bowen</u>, 862 F.2d 802, 807-08 (10th Cir. 1988); <u>Channel</u>, 747 F.2d at 582 n. 6.

**Discussion**

11.   An ALJ issued the first decision in this matter on December 23, 1993.  The ALJ found that, pursuant to the grids, Plaintiff was not disabled.  Plaintiff appealed.  The District court ordered a remand on the grounds that the ALJ did not make a RFC determination.  Tr. 235.  In the second ALJ decision on February 25, 1998, the ALJ found that Plaintiff was disabled and that the Plaintiff would not be disabled if he stopped abusing alcohol.   20 C.F.R. Secs. 404.1535(a), 416.935(a); Tr. 304-305. On August 29, 1998, the Appeals Council ordered a remand. Tr. 316. Specifically, the Appeals Council ordered the ALJ to "specifically indicate what functional limitations would remain if the claimant stopped abusing alcohol, and thereby establish what his residual functional capacity would be excluding the effects of that impairment." Tr. 317.  In the third ALJ decision, on October 19, 1999, the ALJ found that Plaintiff retained the RFC to perform a range of light work.  Tr. 224.

12. Plaintiff argues that the ALJ failed to apply the correct sequential evaluation process in the third decision. Specifically, Plaintiff argues that the ALJ must make a finding of disability before he determines whether substance abuse is "a contributing

factor material to the determination of disability." 20 C.F.R. Secs. 404.1535(a), 416.935(a). Defendant argues that the Appeals Council remand order directed the ALJ to determine the RFC of the Plaintiff if he stopped abusing alcohol.

13.  For Plaintiff to prevail, the law must require that the ALJ perform the five step sequential analysis in every remanded matter. Plaintiff has not cited to such a case, statute or regulation. Nor has the Court found such. Further, the cases demonstrate that a remand for completion of a sequential analysis is "simply a flexible guideline." DeGrand v. Secretary of Health and Human Services, 892 F.2d 1043 (6th Cir. 1990); see also Lauer v. Bowen 818 F.2d 636, 641 (7th Cir. 1987)(remanded for step five inquiry) ; Dorf v. Bowen, 794 F.2d 896, 903 (3rd. Cir. 1986)(remand for benefits).

14.  In this case, the Appeals Council remanded for further consideration of a specific issue. The ALJ addressed that issue. There was no error.

15.  Plaintiff's second argument is also without merit. Plaintiff argues that Dr. McCutcheon should be accorded the special status of treating physician. Dr. McCutcheon examined Plaintiff on only one occasion and discussed the results in a second visit. Pursuant to the regulations, he cannot be accorded such status. 20 C.F.R. Secs. 404.1502 and 416.902("*Treating source* means your own physician or psychologist who has provided you with medical

treatment or evaluation and who has or has had an ongoing treatment relationship with you."); See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987)(one time examiners are not treating physicians). As Dr. McCutcheon saw the Plaintiff only on two occasions he cannot be deemed to have had a better opportunity than the other physicians to observe or and to know the Plaintiff when he rendered his opinion.  William v. Bowen, 844 F.2d 748, 757 (10th Cir. 1988).

    16.  Finally, Plaintiff argues that Drs. Nickerson and Powell, Disability Determination Services, physicians, opinions should be discounted because they lack the professional qualifications in this matter.  Dr. Nickerson is a specialist in diagnostic radiology and Dr. Powell is a specialist in occupational medicine and dermatology.  These medical specialities in diagnostic methods and occupations methods certainly qualified them to render medical opinions.   Further, the record supports their conclusions. Examination findings in January of 1993 revealed that Plaintiff had normal muscle strength, motor examination, and deep tendon reflexes.  Tr. 248.  Plaintiff had normal muscle strength, no muscle atrophy, and could perform straight leg raises to 75 degrees on the left and 90 degrees on the right.  The sensory examination showed his senses were intact bilaterally.  Tr. 282.  Examination of the Plaintiff in 1996 continued to show that the Plaintiff did not have disabling functional restrictions.  Tr. 272, 277.  The last examinations prior to Plaintiff's voluntary return to work in May of 1997 show similar clinical findings.  Tr. 267, 269 and 271.

**Recommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**